IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kazia Davette McNair aka Kazia D. McNair<br>Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A<br>Movant<br>vs. | NO. 16-18079 AMC |
| Kazia Davette McNair aka Kazia D. McNair<br>Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,611.73** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 11, 2018 to August 11, 2019 at $499.69/month<br>September 11, 2019 at $615.45/month |
| **Total Post-Petition Payment Arrears:** | **$6,611.73** |
| 2014-2018 Property Taxes: | $18,210.50 |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a) With regards to the post-petition payment arrears, beginning on October 11, 2019 and continuing through December 11, 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$615.45** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the eleventh (11th) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$244.88 from October 2019 to November 2021 and $244.85 for December 2021** towards the arrearages on or before the last day of each month at the address below;

CARRINGTON MORTGAGE SERVICES
1600 S. DOUGLASS ROAD, SUITE 200-A
ANAHEIM, CA 92806

    b) Maintenance of current monthly mortgage payments to the Movant thereafter.

      c)    With regards to the 2014-2018 Property Taxes, it is agreed that Movant will file a Post-Petition Fee Notice on the claims register in the amount of $18,210.50.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 24, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 10/3/19

Allan Goodman, Esquire
Attorney for Debtor

Date: 10/11/19

_____
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan