United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-18079-amc
Kazia Davette McNair                                                      Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: Stacey          Page 1 of 1          Date Rcvd: Oct 24, 2019
                             Form ID: pdf900        Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 26, 2019.
db              Kazia Davette McNair,    3839 Timothy Ln,    Bethlehem, PA  18020-6950
smg            +Bureau of Audit and Enforcement,   City of Allentown,   435 Hamilton Street,
                Allentown, PA 18101-1603
smg             City Treasurer,   Eighth and Washington Streets,   Reading, PA  19601
smg            +Dun & Bradstreet, INC,   3501 Corporate Pkwy,    P.O. Box 520,   Centre Valley, PA 18034-0520
smg            +Lehigh County Tax Claim Bureau,   17 South Seventh Street,   Allentown, PA 18101-2401
smg            +Tax Claim Bureau,   633 Court Street,   Second Floor,   Reading, PA 19601-4300
cr             +Bethlehem Area School District,   c/o Portnoff Law Associates, Ltd.,   P.O. Box 3020,
                Norristown, PA 19404-3020
cr             +Wilmington Savings Fund Society, FSB,   Aldridge Pite,LLP,   Janet M. Spears,
                4375 Judland Drive, Suite 200,   PO Box 17933,   San Diego, CA 92177-7921

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 25 2019 03:30:23
                Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 25 2019 03:30:40    U.S. Attorney Office,
                c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
cr             +E-mail/PDF: gecsedi@recoverycorp.com Oct 25 2019 03:39:04    Synchrony Bank,
                c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                           TOTAL: 3

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 26, 2019                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 24, 2019 at the address(es) listed below:
        ANDREW J. SHAW    on behalf of Debtor Kazia Davette McNair ajshawesq@gmail.com,
        abgoodmanesq@gmail.com
        DAVID B. SCHWARTZ    on behalf of Debtor Kazia Davette McNair david@dbsesq.com,
        DBSchwartzesq@aol.com
        FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
        ecf_frpa@trustee13.com
        JAMES RANDOLPH WOOD    on behalf of Creditor   Bethlehem Area School District
        jwood@portnoffonline.com,   jwood@ecf.inforuptcy.com
        JEREMY JOHN KOBESKI    on behalf of Creditor   Citifinancial Servicing LLC paeb@fedphe.com
        JEROME B. BLANK    on behalf of Creditor   Citifinancial Servicing LLC paeb@fedphe.com
        LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
        ecf_frpa@trustee13.com
        REBECCA ANN SOLARZ    on behalf of Creditor   Wilmington Savings Fund Society, FSB, as trustee of
        Stanwich Mortgage Loan Trust A bkgroup@kmllawgroup.com
        REBECCA ANN SOLARZ    on behalf of Creditor   Carrington Mortgage Services, bkgroup@kmllawgroup.com
        SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,   ecf_frpa@trustee13.com
        THOMAS YOUNG.HAE SONG    on behalf of Creditor   Citifinancial Servicing LLC paeb@fedphe.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                           TOTAL: 12

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kazia Davette McNair aka Kazia D. McNair <br> Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, as <br> trustee of Stanwich Mortgage Loan Trust A <br> Movant | NO. 16-18079 AMC |
| vs. | |
| Kazia Davette McNair aka Kazia D. McNair <br> Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire <br> Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's

residence is **$6,611.73** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 11, 2018 to August 11, 2019 at $499.69/month <br> September 11, 2019 at $615.45/month |
| **Total Post-Petition Payment Arrears:** | **$6,611.73** |
| 2014-2018 Property Taxes: | $18,210.50 |

2.    The Debtor(s) shall cure said arrearages in the following manner;

a)    With regards to the post-petition payment arrears, beginning on October 11,

2019 and continuing through December 11, 2021, until the arrearages are cured, Debtor(s) shall pay

the present regular monthly payment of **$615.45** on the mortgage (or as adjusted pursuant to the

terms of the mortgage) on or before the eleventh (11th) day of each month (with late charges being

assessed after the 15th of the month), plus an installment payment of **$244.88 from October 2019 to**

**November 2021 and $244.85 for December 2021** towards the arrearages on or before the last day

of each month at the address below;

CARRINGTON MORTGAGE SERVICES
1600 S. DOUGLASS ROAD, SUITE 200-A
ANAHEIM, CA 92806

b)    Maintenance of current monthly mortgage payments to the Movant

thereafter.

c)    With regards to the 2014-2018 Property Taxes, it is agreed that Movant will file a Post-Petition Fee Notice on the claims register in the amount of $18,210.50.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    September 24, 2019                    By: /s/ Rebecca A. Solarz, Esquire
                                               Attorney for Movant

Date:    10/3/19                               Allan B Goodman

                                               Allan Goodman, Esquire
                                               Attorney for Debtor

Date: _10/11/19_

_____
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this __24th__ day of _October_____, 2019.  However, the court
retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan