**Fill in this information to identify the case:**

Debtor 1  Kazia Davette McNair

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of Pennsylvania

Case number  16-18079

## Official Form 410S2
## Notice of Postpetition Mortgage Fees, Expenses, and Charges   12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any fees, expenses, and charges incurred after the bankruptcy filing that you assert are recoverable against the debtor or against the debtor's principal residence.

File this form as a supplement to your proof of claim. See Bankruptcy Rule 3002.1.

Name of creditor: WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE OF WV 2017-1 GRANTOR TRUST

Court claim no. (if known): 2-1

Last 4 digits of any number you use to identify the debtor's account:  8 7 9 1

Does this notice supplement a prior notice of postpetition fees, expenses, and charges?

☒ No
☐ Yes. Date of the last notice: _____

### Part 1:  Itemize Postpetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed. Do not include any escrow account disbursements or any amounts previously itemized in a notice filed in this case or ruled on by the bankruptcy court.

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | | (1) | $ _____ |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ _____ |
| 3. Attorney fees | | (3) | $ _____ |
| 4. Filing fees and court costs | | (4) | $ _____ |
| 5. Bankruptcy/Proof of claim fees | | (5) | $ _____ |
| 6. Appraisal/Broker's price opinion fees | | (6) | $ _____ |
| 7. Property inspection fees | | (7) | $ _____ |
| 8. Tax advances (non-escrow) | | (8) | $ _____ |
| 9. Insurance advances (non-escrow) | | (9) | $ _____ |
| 10. Property preservation expenses. Specify:_____ | each date must be included for each inspection | (10) | $ _____ |
| 11. Other. Specify: Delinquent Taxes | 8/11/2017 | (11) | $ 18,210.50 |
| 12. Other. Specify:_____ | | (12) | $ _____ |
| 13. Other. Specify:_____ | | (13) | $ _____ |
| 14. Other. Specify:_____ | | (14) | $ _____ |

The debtor or trustee may challenge whether the fees, expenses, and charges you listed are required to be paid.
See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1.

Official Form 410S2         Notice of Postpetition Mortgage Fees, Expenses, and Charges         page 1

Debtor 1  **Kazia Davette McNair**
　　　　　First Name　　Middle Name　　Last Name

Case number (*if known*)  16-18079

## Part 2: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/ Shabrena Lynch-Horton
　　Signature

Date  1/11/2022

Print:  **Shabrena Lynch-Horton**
　　　　First Name　　Middle Name　　Last Name

Title  Authorized Agent

Company  Liepolid, Harrison & Associates, PLLC

Address  1425 Greenway Drive, Suite 250
　　　　　Number　　Street
　　　　　Irving,　　　　　　　　　　TX　　75038
　　　　　City　　　　　　　　　　　　State　　ZIP Code

Contact phone  800.349.1254

Email  PCNInquiries@lha-law.com

# UNITED STATES BANKRUPTCY COURT
Eastern District of Pennsylvania

*In Re:*  Kazia Davette McNair

Case No: 16-18079

**Debtor(s)**

**Chapter 13**

**CERTIFICATE OF SERVICE**

    I hearby certify that on 1/11/2022, a true and correct copy of the foregoing Post-Petition Fee Notice was served upon all interested parties pursuant to the Court's CM/ECF system.

By: /s/ Shabrena Lynch-Horton

Wilmington Savings Fund Society, FSB, as trustee of WV 2017-1
c/o Carrington Mortgage Services, LLC
1425 Greenway Drive, Suite 250
Irving, TX  75038

Debtor through the debtor's attorney of record

Kazia Davette McNair
3839 Timothy Ln
Bethlehem, PA 18020-6950

Debtor's Counsel
DAVID B. SCHWARTZ
Goodman Schwartz and Shaw LLC
514 Fullerton Avenue
Suite 2
Whitehall, PA 18052

Trustee
SCOTT F. WATERMAN (Chapter 13)
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606

US Trustee
Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kazia Davette McNair aka Kazia D. McNair<br>Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A<br>Movant<br>vs. | NO. 16-18079 AMC |
| Kazia Davette McNair aka Kazia D. McNair<br>Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,611.73** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 11, 2018 to August 11, 2019 at $499.69/month |
| | September 11, 2019 at $615.45/month |
| **Total Post-Petition Payment Arrears:** | **$6,611.73** |
| 2014-2018 Property Taxes: | $18,210.50 |

2. The Debtor(s) shall cure said arrearages in the following manner;

   a) With regards to the post-petition payment arrears, beginning on October 11, 2019 and continuing through December 11, 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$615.45** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the eleventh (11th) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$244.88 from October 2019 to November 2021 and $244.85 for December 2021** towards the arrearages on or before the last day of each month at the address below;

   CARRINGTON MORTGAGE SERVICES
   1600 S. DOUGLASS ROAD, SUITE 200-A
   ANAHEIM, CA 92806

   b) Maintenance of current monthly mortgage payments to the Movant thereafter.

      c)    With regards to the 2014-2018 Property Taxes, it is agreed that Movant will file a Post-Petition Fee Notice on the claims register in the amount of $18,210.50.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date: September 24, 2019

By: */s/ Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: 10/3/19

*[signature]*
Allan Goodman, Esquire
Attorney for Debtor

Date: 10/11/19

_____
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 24th day of October, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan